**Susan MEGAWATI, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 11–70511.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 11, 2013.*

Filed Feb. 15, 2013.

Kathleen Siok–Sien Koh, Esquire, Law Office of Kathleen S. Koh, Whittier, CA, for Petitioner.

Brooke Maurer, Trial, OIL, DOJ–U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

## MEMORANDUM **

Susan Megawati, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal of an immigration judge's ("IJ") decision denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir.2009), and review de novo due process claims, *Liu v. Holder*, 640 F.3d 918, 930 (9th Cir.2011). We deny in part and dismiss in part the petition for review.

Megawati does not challenge the BIA's dispositive determination that she failed to contest the IJ's finding that her asylum claim was time barred. *See Castro–Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005) (failure to specifically and distinctly argue an issue results in waiver). Accordingly, Megawati's asylum claim fails.

Substantial evidence supports the BIA's conclusion that Megawati failed to establish her experiences in Indonesia rose to the level of persecution. *See Wakkary*, 558 F.3d at 1059–60 (concluding that the petitioner's account of being beaten, robbed of sandals and pocket money, and

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

accosted by a mob did not compel a finding of past persecution). Substantial evidence also supports the BIA's conclusion that, even under a disfavored group analysis, Megawati failed to demonstrate sufficient individualized risk of persecution to establish eligibility for withholding of removal. *See Halim v. Holder,* 590 F.3d 971, 979 (9th Cir.2009); *Wakkary,* 558 F.3d at 1066 ("[a]n applicant for withholding of removal will need to adduce a considerably larger quantum of individualized-risk evidence to prevail than would an asylum applicant"). Contrary to Megawati's contention, the BIA did not find the disfavored group analysis inapplicable to withholding of removal cases. Accordingly, Megawati's withholding of removal claim fails.

We lack jurisdiction to review Megawati's CAT contention and her contention that the IJ did not consider country conditions evidence, because Megawati failed to raise these issues to the BIA. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir. 2004).

Finally, we reject Megawati's contentions that the IJ's conduct and denial of a continuance violated her due process rights. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error and prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.